Patric A. Lester (SBN 220092)
pl@lesterlaw.com
Lester & Associates
5694 Mission Center Road, #358
San Diego, CA 92108
Phone: (619) 283-6078
Fax: (314) 241-5777

Attorneys for Plaintiff

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACQUELINE TAYLOR, | Case No. 2:15-cv-02579 |
| Plaintiff, | COMPLAINT |
| vs. | JURY TRIAL DEMANDED |
| ALLY FINANCIAL, INC., | |
| Defendant | |

## JURISDICTION AND VENUE

1. This Court has federal question subject matter jurisdiction under 28 U.S.C. § 1331, as the action arises under the federal statute titled the Telephone Consumer Protection Act, 47 U.S.C. § 227, ("TCPA"). The Court has personal jurisdiction over the defendant and venue is proper under 28 § 1391(b)(2) as a substantial part of the events giving rise to the claim occurred in this judicial district.

## INTRODUCTION

2. This is an action brought by an individual consumer, Jacqueline Taylor, ("Plaintiff") against Ally Financial, Inc. ("Ally" or "Defendant") for violations of the TCPA by making unconsented autodialed calls to Plaintiff's cell phone. All undesignated section references to 47 U.S.C. §277 are to the TCPA.

3. Plaintiff makes these allegations on information and belief, with the

exception of those allegations that pertain to Plaintiff, or to Plaintiff's counsel, which Plaintiff allege on personal knowledge.

4. Plaintiff seeks statutory damages and injunctive relief under 47 U.S.C. § 227(b)(3).

5. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

## THE PARTIES

6. Plaintiff is a natural person residing in Los Angeles, California.

7. Defendant is a corporation whose corporate headquarters is in Southfield, Michigan. Plaintiff alleges that at all times relevant herein, Defendant conducted business in the State of California and the County of Los Angeles, within this judicial district.

8. At all times relevant, Defendant was engaged in the business of debt collection, using the mails and telephone to collect consumer debts.

9. Plaintiff is a "person" as defined by 47 U.S.C. § 153.

10. Defendant at all times mentioned herein was a person as defined by 47 U.S.C. § 153.

## THE TELEPHONE CONSUMER PROTECTION ACT

11. Congress enacted the Telephone Consumer Protection Act in 1991. The TCPA prohibits certain uses of telecommunication equipment that would interfere with telephone services subscribers' privacy and/or property rights with respect to their telephone. In particular, the TCPA provides that:

> It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system … to any telephone number assigned to a … cellular telephone service …

47 U.S.C. § 27(b)(1)(A).

> Predictive dialers initiate phone calls while telemarketers are talking to other consumers … In attempting to "predict" the average time it takes for a consumer to answer the phone and when a telemarketer will be free to take the next call, predictive dialers may either "hang-up" on consumers or keep the consumer on hold until connecting the call to a sales representative, resulting in what has been referred to as "dead air."

*In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, 2003 Report and Order,* CG Docket No. 01-278, FCC 03-153, ¶146, 18 FCC Rcd. 14014, 14101, 2003 WL 21517853, *51 (July 3, 2003), *available at* http://hraunfoss.fcc.gov/edocs_public/attachmatch/FCC-03-153A1.pdf ("*2003 Report and Order*").

12. The TCPA provides telephone service subscribers a private right of action for injunctive relief and statutory damages for violations:

> A person or entity may … bring … an action based on a violation of [47 U.S.C. § 227(b)] to enjoin such a violation, an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or both … If the court fines that the defendant willfully or knowingly violated [47 U.S.C. § 227(b),] the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the [statutory damages available above].

47 U.S.C. § 227(b)(3).

## **FACTUAL ALLEGATIONS**

13. Beginning on or about February 6, 2015 and on multiple occasions since that time, up to and including the present date, Defendant and/or its agents directed a campaign of telephone collection calls to Plaintiff's cell number (XXX) XXX-4784 (hereinafter "cell phone").

14. These telephone calls by Defendant violated 47 U.S.C. § 227(b) (1)(A)(iii).

15. Defendant placed these calls to Plaintiff's cellular telephone via an 'automatic telephone dialing system', as defined by 47 U.S.C. § 227(a)(1).

16. Plaintiff did not provide 'express consent' allowing Defendant to place telephone calls to Plaintiff's cellular phone utilizing an 'automatic telephone dialing system', within the meaning of 47 U.S.C. § 227(b)(1)(A).

17. Under the TCPA and pursuant to the FCC's January 2008 Declaratory Ruling, the burden is on the Defendant to demonstrate that Plaintiff provided express consent within the meaning of the statute, because it is the best entity to determine how numbers were attained.

18. The cell phone called by Defendant was purchased by Plaintiff. Plaintiff is the exclusive user of this cell phone. Plaintiff's cellular telephone plan for this phone is a prepaid plan that Plaintiff pays in advance for a set number of minutes, which number is reduced during phone calls received or made.

19. Plaintiff asserts a claim under the TCPA.

20. All telephone contact by Defendant to the cell phone of Plaintiff used equipment that utilized that was placed by an "automatic telephone dialing system," within the meaning of 47 U.S.C. §227(b)(1)(A).

21. Defendant used a predictive dialer to make these telephone calls to Plaintiff's telephone number, without her prior express consent.

22. This practice violates the TCPA.

23. Plaintiff answered some of these calls. When she did answer dead air came on the line, which is a telltale sign that Defendant used a predictive dialer.

24. Plaintiff attempted to stop the calls numerous times but was unable to speak to a live operator or to prevent the calls from continuing as no one came on the line.

25. The complained of telephone calls constituted calls not for emergency purposes as defined by 47 U.S.C. §227(b) (1) (A) (i).

26. Based on information and belief, Defendant placed each and every call alleged in this complaint with one or more predictive dialers.

27. Predictive dialers constitute an automatic dialing system; they are capable of storing, producing, and dialing any telephone number, and are capable of storing, producing, and dialing telephone numbers using a random or sequential number generator. Further, no human manually entered Plaintiff's cellular telephone number when Defendant made the calls alleged below. Rather, the predictive dialer(s) electronically dialed Plaintiff's cellular telephone in an automated fashion. The predictive dialers otherwise constitute an "automatic telephone dialing system" under the meaning of 47 U.S.C. §227(a)(1).

28. Defendant's misconduct in placing these telephone calls to Plaintiff's cell phone was negligent and Plaintiff is entitled to an award of $500.00 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(b) (3) (B).

29. Defendants' misconduct in placing some or all of these telephone calls to Plaintiff's cell phone was willful and knowing and Plaintiff is entitled to an award of $1,500.00 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(b) (3) (C).

## FIRST CLAIM FOR RELIEF

**(Negligent Violations of the Telephone Consumer Protection Act)**

30. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

31. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

32. As a result of Defendant's negligent violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled to an award of $500.00 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(b) (3) (B).

33. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future.

## SECOND CLAIM FOR RELIEF

**(Knowing and/or Willful Violations of the Telephone Consumer Protection Act)**

34.  Plaintiff incorporates by reference all of the above paragraphs before his Third Count for Relief as though fully stated herein.

35.  The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

36.  As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled to an award of $1,500.00 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against each Defendant, and for Plaintiff, and prays for the following relief:

(1)  Award of statutory damages of $500.00 for each and every negligent violation of the TCPA, pursuant to 47 U.S.C. § 227(b) (3) (B);

(2)  Award of statutory damages of $1,500.00 for each and every knowing and/or willful violation of the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C);

(3)  Such other and further relief this court may deem just and proper.

## TRIAL BY JURY

37.  Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated April 7, 2015

**Lester & Associates**
By   s/ Patric A. Lester
Attorney for Plaintiff,
E-mail: pl@lesterlaw.com