```
 1  JOHN B. SULLIVAN (State Bar No. 96742)
    jbs@severson.com
 2  REBECCA S. SAELAO (State Bar No. 222731)
    rss@severson.com
 3  SEVERSON & WERSON
    A Professional Corporation
 4  One Embarcadero Center, Suite 2600
    San Francisco, California 94111
 5  Telephone: (415) 398-3344
    Facsimile: (415) 956-0439
 6
    Attorneys for Defendant
 7  ALLY FINANCIAL, INC.
 8
```

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA — WESTERN DIVISION

| JACQUELINE TAYLOR, | Case No. 2:15-CV-02579-E |
|---|---|
| Plaintiff, | **DEFENDANT ALLY FINANCIAL, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT** |
| vs. | |
| ALLY FINANCIAL, INC., | The Hon. Charles F. Eick<br>Dept. 20 |
| Defendant. | Action Filed: April 7, 2015<br>Trial Date: TBD |

07462.0481/4064618.1

DEFENDANT ALLY FINANCIAL'S ANSWER TO PLAINTIFF'S COMPLAINT

# ANSWER

Defendant Ally Financial Inc. ("Ally," or "Defendant"), in answer to Plaintiff Jacqueline Taylor's ("Plaintiff") Complaint, filed April 7, 2015, responds to each of Plaintiff's numbered allegations as follows, and denies all allegations except as expressly admitted below:

## JURISDICTION AND VENUE

1. Answering Paragraph 1, Defendant denies that it violated any law, and further denies that Plaintiff is entitled to any relief whatsoever. Defendant admits that this Court has jurisdiction over this action. Defendant admits that venue before this Court is proper, and that it transacts business in this District. Except as expressly admitted, Defendant lacks information or belief sufficient to answer the allegations of Paragraph 1, and on that ground denies them.

## INTRODUCTION

2. Answering Paragraph 2, Defendant avers that this paragraph sets forth legal conclusions to which no response is required. To the extent any response is required, Defendant denies that it violated any law, denies that it made "unconsented autodialed calls to Plaintiff's cell phone," and further denies that Plaintiff is entitled to any relief whatsoever.

3. Defendant lacks information or belief sufficient to answer the allegations contained in paragraph 3, and on that basis denies them.

4. Answering Paragraph 4, Defendant avers that this paragraph sets forth legal conclusions to which no response is required. To the extent any response is required, Defendant denies that it violated any law, and further denies that Plaintiff is entitled to any relief whatsoever.

5. Answering Paragraph 5, Defendant avers that this paragraph sets forth legal conclusions to which no response is required. To the extent any response is required, Defendant denies that it violated any law, and further denies that Plaintiff is entitled to any relief whatsoever.

## THE PARTIES

6. Defendant lacks information or belief sufficient to answer the allegations contained in paragraph 6, and on that basis denies them.

7. Answering Paragraph 7, Defendant avers that Ally is a corporation with headquarters located at 200 Renaissance Center, P.O. Box 200, Detroit, Michigan 48265. Defendant admits that it transacts business in the State of California, in the County of Los Angeles, and in this District.

8. Answering Paragraph 8, Defendant denies that it is "in the business of debt collection." On the contrary, Defendant is in the business of, among other things, financing consumer automobile purchases and, from time to time, must engage in activities to collect amounts owed by its customers. Defendant admits that it uses mail and telephones to collect consumer debts. Defendant denies, however, that it engaged in any debt collection efforts with respect to Plaintiff.

9. Answering Paragraph 9, Defendant avers that the allegation relating to 47 U.S.C. § 153 sets forth a legal conclusion to which no response is required.

10. Answering Paragraph 10, Defendant avers that the allegation relating to 47 U.S.C. § 153 sets forth a legal conclusion to which no response is required.

## THE TELEPHONE CONSUMER PROTECTION ACT

11. Answering Paragraph 11, Defendant avers that this paragraph sets forth legal conclusions to which no response is required. To the extent any response is required, Defendant denies that it violated any law, and further denies that Plaintiff is entitled to any relief whatsoever.

12. Answering Paragraph 12, Defendant avers that this paragraph sets forth legal conclusions to which no response is required. To the extent any response is required, Defendant denies that it violated any law, and further denies that Plaintiff is entitled to any relief whatsoever.

## FACTUAL ALLEGATIONS

13. Defendant lacks information or belief sufficient to answer the

allegations contained in paragraph 13, and on that basis denies them.

14. Answering Paragraph 14, Defendant denies each and every allegation set forth in this paragraph.

15. Answering Paragraph 15, Defendant denies each and every allegation set forth in this paragraph.

16. Answering Paragraph 16, Defendant denies each and every allegation set forth in this paragraph.

17. Answering Paragraph 17, Defendant avers that this paragraph sets forth legal conclusions to which no response is required.  To the extent any response is required, Defendant denies that it violated any law, denies and disputes Plaintiff's characterizations of the law, and further denies that Plaintiff is entitled to any relief whatsoever.

18. Defendant lacks information or belief sufficient to answer the allegations contained in paragraph 18, and on that basis denies them.

19. Answering Paragraph 19, Defendant avers that this paragraph sets forth legal conclusions to which no response is required.  To the extent any response is required, Defendant denies that it violated any law, and further denies that Plaintiff is entitled to any relief whatsoever.

20. Answering Paragraph 20, Defendant denies each and every allegation set forth in this paragraph.

21. Answering Paragraph 21, Defendant denies each and every allegation set forth in this paragraph.

22. Answering Paragraph 22, Defendant denies each and every allegation set forth in this paragraph.

23. Answering Paragraph 23, Defendant denies each and every allegation set forth in this paragraph.

24. Answering Paragraph 24, Defendant denies each and every allegation set forth in this paragraph.

25. Answering Paragraph 25, Defendant avers that this paragraph sets forth legal conclusions to which no response is required. To the extent any response is required, Defendant denies that it violated any law, and further denies that Plaintiff is entitled to any relief whatsoever.

26. Answering Paragraph 26, Defendant denies each and every allegation set forth in this paragraph.

27. Answering Paragraph 27, Defendant avers that this paragraph sets forth legal conclusions to which no response is required. To the extent any response is required, Defendant denies each and every allegation set forth in this paragraph.

28. Answering Paragraph 28, Defendant denies each and every allegation set forth in this paragraph.

29. Answering Paragraph 29, Defendant denies each and every allegation set forth in this paragraph.

## FIRST CAUSE OF ACTION

**(Alleged Negligent Violations of the Telephone Consumer Protection Act)**

30. Answering Paragraph 30, Defendant incorporates each of the foregoing answering Paragraphs as though fully set forth herein.

31. Answering Paragraph 31, Defendant denies each and every allegation set forth in this paragraph.

32. Answering Paragraph 32, Defendant denies each and every allegation set forth in this paragraph.

33. Answering Paragraph 33, Defendant denies each and every allegation set forth in this paragraph.

## SECOND CAUSE OF ACTION

**(Alleged Knowing and/or Willful Violations of the Telephone Consumer Protection Act)**

34. Answering Paragraph 34, Defendant incorporates each of the foregoing answering Paragraphs as though fully set forth herein.

35. Answering Paragraph 35, Defendant denies each and every allegation set forth in this paragraph.

36. Answering Paragraph 36, Defendant denies each and every allegation set forth in this paragraph.

## ANSWER TO PRAYER FOR RELIEF

To the extent any answer is required to Plaintiff's prayer for relief, Defendant denies each and every allegation contained in Plaintiff's prayer for relief and denies that Plaintiff is entitled to any damages or relief whatsoever.

## TRIAL BY JURY

37. No response is necessary to Plaintiff's demand for a trial by jury.

## AFFIRMATIVE DEFENSES

As separate and distinct affirmative defenses to the complaint and to each cause of action contained therein, and without assuming the burden of proof where it otherwise lies with Plaintiff, Defendant alleges as follows:

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

1. The complaint fails to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6) and other applicable law.

## SECOND AFFIRMATIVE DEFENSE
### (Uncertainty)

2. The complaint does not describe the claims against Defendant with sufficient particularity and certainty to enable Defendant to determine what defenses may exist. Defendant reserves the right to assert all defenses that may be pertinent to Plaintiff's claims when their precise nature is ascertained.

## THIRD AFFIRMATIVE DEFENSE
### (Failure to Mitigate)

3. The damages alleged in the complaint resulted, in whole or in part, from Plaintiff's failure to mitigate any alleged damage.

## FOURTH AFFIRMATIVE DEFENSE
### (Set-Off)

4. Plaintiff's claims are subject to set-off of all sums due and owing to Defendant, if any.

## FIFTH AFFIRMATIVE DEFENSE
### (Consent/Ratification)

5. Plaintiff and/or another person authorized to do so consented to all of Defendant's alleged actions or omissions which gave rise to the occurrences alleged in the complaint, and subsequently ratified that conduct. Among other things, Plaintiff is barred from maintaining the alleged causes of action because Plaintiff and/or another person authorized to do so consented to receive telephone calls of the type Plaintiff alleges the Defendant to have made, and consented to be called on the telephone number at issue.

## SIXTH AFFIRMATIVE DEFENSE
### (Compliance with Governing Law)

6. Defendant's compliance with the statutes, rules, and regulations which govern the subject matter of this lawsuit preclude liability to Plaintiff.

## SEVENTH AFFIRMATIVE DEFENSE
### (Waiver/Estoppel)

7. Plaintiff waived any right to pursue the claims raised in the complaint, and in each cause of action contained therein, and is estopped from asserting those claims against Defendant.

## EIGHTH AFFIRMATIVE DEFENSE
### (Contract Terms)

8. The asserted claims are barred, in whole or part, by virtue of the terms and provisions of contractual agreements.

## NINTH AFFIRMATIVE DEFENSE

### (Ordinary Course of Business Exemption)

9. The complaint alleges conduct that falls within the ordinary course of business exemption of applicable state and federal law.

## TENTH AFFIRMATIVE DEFENSE

### (Lack of Standing)

10. Plaintiff lacks standing to bring the asserted claims. Plaintiff was not the "called party," as neither Defendant nor any of its agents ever attempted to reach the Plaintiff at the telephone number at issue.

## ELEVENTH AFFIRMATIVE DEFENSE

### (*Bona Fide* Error)

11. The claims are barred, in whole or part, because Defendant maintains adequate procedures to avoid violating the law, and any conduct found to contradict those procedures was the result of a *bona fide* error.

## TWELFTH AFFIRMATIVE DEFENSE

### (Procedural and Substantive Due Process Rights)

12. Imposition of statutory penalties under the Telephone Consumer Protections Act would violate the due process provisions of the United States Constitution and/or the California State Constitution.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Excessive Fines)

13. The award of statutory penalties against Defendant would violate the prohibition against excessive fines in the United States Constitution.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Laches)

14. The relief Plaintiff seeks is barred by the doctrine of laches because Plaintiff knew of the purported acts or omissions alleged and nevertheless

1  inexcusably and unreasonably delayed asserting those rights to the prejudice of
2  Defendant.

### FIFTEENTH AFFIRMATIVE DEFENSE
### (Acts of Third Parties, Force Majeure and Superseding Causation)

5  15.   The conduct alleged in the complaint is beyond Defendant's control and occurred, if at all, as the result of the conduct of Plaintiff and/or third-parties. Accordingly, Defendant is insulated from liability by the doctrines of force majeure and superseding causation.

### SIXTEENTH AFFIRMATIVE DEFENSE
### (Reservation of Rights)

16.   Defendant reserves the right to assert such other and further affirmative defenses that may be appropriate as this action progresses.

### PRAYER

WHEREFORE, Ally prays as follows:

1. That judgment be entered for Defendant and against Plaintiff;
2. That Plaintiff take nothing by reason of the complaint;
3. That Plaintiff's case be dismissed with prejudice;
4. That Defendant be awarded its costs of suit and reasonable attorneys' fees; and
5. For such other and further relief as the Court deems just and proper.

DATED: April 30, 2015          SEVERSON & WERSON
                               A Professional Corporation


                               By:   /s/ *Rebecca S. Saelao*
                                       Rebecca S. Saelao

                               Attorneys for Defendant
                               ALLY FINANCIAL, INC.